NO. 07-06-0303-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 29, 2008
_____

VALERIANO HERRERA and JOSE BRUNO,

Appellants

v.

EAGLE PASS INDEPENDENT SCHOOL DISTRICT,

Appellee
_____

FROM THE 293RD DISTRICT COURT OF MAVERICK COUNTY;

NO.  04-12-20528-MCB; HON. CYNTHIA MUNIZ, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Valeriano Herrera and Jose Bruno (the employees) appeal from a final summary judgment dismissing "with prejudice" their claims against Eagle Pass Independent School District (Eagle Pass or school district).  Via two issues, the employees contend that the trial court erred by granting both the traditional and no-evidence summary judgments on their claims of retaliation.  We reverse and remand in part and affirm in part.

According to the record before us, the employees sued Eagle Pass for violating their constitutional rights arising under §8 and §27 of article I of the Texas Constitution. The purported rights at issue were those prohibiting the school district from retaliating against them for filing a grievance. Eagle Pass moved for summary judgment. In attacking the §8 retaliation claim, it endeavored to show that the employees were not the victim of retaliation. However, in attacking the §27 claim, it argued that they had not been denied any right to remonstrance, to due process, or to petition the government. Yet, the employees did not accuse Eagle Pass of denying them of any such §27 rights. More importantly, Eagle Pass said nothing in its motion about the viability of the purported retaliation claim. Nonetheless, the trial court granted summary judgment and dismissed all the claims asserted by the employees against the school district.

It is beyond dispute that the motion for summary judgment must state the grounds upon which the movant relies. TEX. R. CIV. P. 166a(c). Similarly indisputable is the rule that a summary judgment cannot exceed the grounds or relief unmentioned in the motion. *IBP, Inc. v. Klumpe*, 101 S.W.3d 461, 468 (Tex. App.–Amarillo 2001, pet. denied). Therein lies the problem here.

The motion for summary judgment did not address the employees' *retaliation* claim founded on §27, article I of the Texas Constitution.[1] Rather, Eagle Pass argued that the employees were not denied any right to petition the government, which was not the

[1]Eagle Pass did state in its motion that there was no evidence that it "deprived Plaintiffs of any rights afforded them under Article I, Section 27." If that provision was read alone, it could arguably be said to encompass any and all rights arising under that provision, including those against retaliation. Yet, we cannot ignore the context of the wording, and that context focused on topics other than retaliation. Nor does Eagle Pass argue at bar that the ground should be read as including the issue of retaliation. Thus, when accorded their plain interpretation as garnered from the entire instrument, the grounds asserted by Eagle Pass were incomplete when tested against the scope of the summary judgment granted by the trial court.

substance of their cause of action.  Thus, the trial court could not adjudicate the §27 retaliation claim via summary judgment since the matter was not before it.

Consequently, we reverse that portion of the summary judgment dismissing "with prejudice" the claim of retaliation founded upon §27, art. I of the Texas Constitution.  The remainder of the summary judgment is affirmed.


Brian Quinn
Chief Justice